OPINION OF THE COURT
Nathan L. Berke, J.
This is a special proceeding commenced by the petitioner, Ann Sullivan, M.D., Director of the Department of Psychiatry at Elmhurst Hospital Center, pursuant to section 9.60 of the Mental Hygiene Law, known as Kendra’s Law. The petitioner is seeking an order directing that the respondent, a mental patient in Elmhurst Hospital, attend “Assisted Outpatient Treatment” on his discharge according to a proposed written treatment plan.
The New York State Legislature enacted Mental Hygiene Law § 9.60 because it found that there are mentally ill persons who are capable of living safely in the community under supervision and treatment. However, their care and treatment as outpatients must be court-ordered because they have difficulty taking responsibility for their own care and often reject the outpatient treatment offered to them on a voluntary basis and become a danger to themselves or others.
Kendra’s Law sets forth the procedure and criteria for obtaining a court order for assisted outpatient treatment. One of the requirements is that the petition is to be accompanied by an affirmation or affidavit of a physician, who has personally examined the person who is the subject of the petition, stating no more than 10 days prior to the submission of the petition, that the examining physician recommends assisted outpatient treatment and is willing and able to testify at the hearing on the petition. (Mental Hygiene Law § 9.60 [e] [3] [i].)
The examining physician is required to testify in person at the hearing (Mentál Hygiene Law § 9.60 [h] [2]) and state the *668 facts which support the allegation that the subject meets each of the criteria for assisted outpatient treatment and the treatment is the least restrictive alternative, the recommended assisted outpatient treatment and the rationale for the recommended assisted outpatient treatment. (Mental Hygiene Law § 9.60 [h] [4].)
In this case, the examining physician is Dr. Shoundra Zeng who is also the patient’s treating psychiatrist at Elmhurst Hospital. The patient moves to dismiss the petition because “the physician-patient evidentiary privilege codified in CPLR 4504 absolutely prohibits a treating psychiatrist from submitting an affidavit or giving testimony in support of a MHL § 9.60 petition.”
The court does not agree and the patient’s motion to dismiss the petition is denied. CPLR 4504 does not prevent a treating physician from disclosing information about the patient under all circumstances. It only prevents a physician from disclosing information which is deemed confidential. CPLR 4504 (a) provides in part that: “Confidential information privileged. Unless the patient waives the privilege, a person authorized to practice medicine, registered professional nursing, licensed practical nursing, dentistry, podiatry, or chiropractic shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity.”
The protection of the physician-patient privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The burden of proof is on the party asserting the physician-patient privilege to show the existence of circumstances justifying its recognition. (Williams v Roosevelt Hosp., 66 NY2d 391.)
The person invoking the privilege must establish that:
1. the requisite relationship existed with a duly licensed or registered physician, nurse, etc.;
2. the information sought to be protected was acquired while attending the patient professionally; and
3. the information was necessary to enable the physician to treat or prescribe for the patient. (Fisch, New York Evidence § 542 [2d ed].)
In the within matter, the court cannot make a determination as to what information contained in Dr. Zeng’s affirmation may *669 be privileged because the patient has failed to set forth the information he claims to be confidential and protected by the physician-patient privilege. Dennis A. Feld, the attorney for the patient, in paragraph 6 of his affirmation in support of the motion, merely states, without anything more, the conclusion that: “The affirmation of Dr. shoundra zeng is invalid and should not be considered by the court as it violates the physician-patient privilege embodied in CPLR 4504.”
It is unclear whether the patient is also claiming that Mental Hygiene Law § 9.60 prohibits a treating psychiatrist from being the examining physician. It does not. It only prevents a treating psychiatrist from being the petitioner if the treating psychiatrist is the examining physician. Mental Hygiene Law § 9.60 (e) (1) (v) states that a petition for an order authorizing assisted outpatient treatment may be filed in court by, among others, “a qualified psychiatrist who is either supervising the treatment of or treating the subject of the petition for a mental illness.”
Mental Hygiene Law § 9.60 (e) (3) states “The petition shall be accompanied by an affirmation or affidavit of a physician, who shall not be the petitioner.” There is nothing stated in Mental Hygiene Law § 9.60 that prohibits a treating psychiatrist from also being the examining physician as long as he or she is not the petitioner. If the Legislature intended otherwise it would have stated so specifically. In this case, Dr. Zeng, who is both the treating psychiatrist and the examining physician, is not the petitioner.
For the reasons stated above the respondent’s motion to dismiss the petition for failure to state a cause of action is denied.